UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| dlhBOWLES, Inc., | ) | CASE NO. 5:21-cv-170 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| JIANGSU RIYING ELECTRONICS CO., | ) | |
| LTD., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Jiangsu Riying Electronics Co., Ltd. ("Riying") for a stay pending resolution of its motion for judgment on the pleadings. (Doc. No. 42 (Motion for Stay); *see* Doc. No. 41 (Motion for Judgment on the Pleadings).) Plaintiff dlhBOWLES, Inc. ("dlhBOWLES") opposes the motion. (Doc. No. 43.)

## I. BACKGROUND

On January 21, 2021, dlhBOWLES filed the present action against Riying raising a single claim alleging infringement of U.S. Patent No. 8,662,421 (the "'421 patent"). (Doc. No. 1 (Complaint).) On March 31, 2021, Riying filed its answer denying all allegations in the complaint and asserting counterclaims requesting declaratory judgment on the issues of validity/unenforceability, non-infringement, and non-willful infringement. (Doc. No. 10 (Answer & Counterclaim).) On April 21, 2021, dlhBOWLES filed a motion to dismiss the counterclaims for failure to state a claim. (Doc. No. 15.)

Shortly after Riying filed its answer and counterclaim, the parties entered into informal settlement negotiations. To facilitate these discussions, the Court agreed to continue dates and

deadlines in this case at the parties' request on multiple occasions. (*See, e.g.*, Non-document Order, 5/11/2021, delaying the case management conference ("CMC") from May 14, 2021 to May 28, 2021; Non-document Order, 5/27/2021, granting unopposed motion to continue the CMC until June 24, 2021; Non-document Order, 8/12/2021, granting unopposed motion to continue deadlines in the Court's case management plan and trial order ("CMPTO"); Doc. No. 25 (Amended CMPTO).) There is no dispute that these discussions, conducted over a period of almost six months, did not result in a resolution of this action.

On August 20, 2021, dlhBOWLES filed a motion to amend its complaint to add a claim of infringement involving U.S. Patent No. 7,014,131 (the "'131 patent"). (Doc. No. 27.) According to dlhBOWLES, it previously advised Riying of the possibility of this amendment, and dlhBOWLES decided to seek leave to amend when it determined that the parties had reached an impasse. (*Id.* at 1[1].) Riying opposes the motion to amend, in part, due to dlhBOWLES's delay in bringing the motion. (Doc. No. 28 at 2.) dlhBOWLES's motions to dismiss and to amend are fully briefed.

On November 22, 2021—more than three months after dlhBOWLES sought leave to amend—Riying filed a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, as to dlhBOWLES' claim of infringement of the '421 patent. (Doc. No. 41.) dlhBOWLES has yet to file a response to the motion, and the time for filing such a response has not yet passed.

In connection with the filing of its Rule 12(c) motion, Riying also filed the present motion to stay all proceedings pending a ruling on the Rule 12(c) motion. In support of its

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

request for a stay, it argues that the Rule 12(c) motion is strong and likely to be granted. It insists that a stay is justified given that "the substantial expense and burden of defending against [the claims of infringement of the '421 patent] is likely to be entirely unnecessary" as the "defects in [dlhBOWLES's] patent infringement pleading are dispositive and non-curable." (Doc. No. 42 at 2.) It also complains that, notwithstanding the alleged fatal deficiencies in dlhBOWLES's complaint, dlhBOWLES seeks "unbridled discovery that encompasses essentially all of a competitor's highly confidential and commercially sensitive business information[.]" (*Id.*) dlhBOWLES opposes any stay, arguing that it will certainly suffer considerable prejudice if it is delayed in prosecuting its case. It also takes aim at Riying's assessment of the Rule 12(c) motion, suggesting that the motion is both legally incorrect and factually unsupported. (Doc. No. 43 at 5.)

## II.  GOVERNING LAW AND DISCUSSION

It is well established that a district court can stay a case where procedurally appropriate. *F.T.C. v. E.M.A. Nationwide, Inc*., 767 F.3d 611, 626–27 (6th Cir. 2014). Staying proceedings is an inherent power that a court can use to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis v. N. Am. Co*., 299 U.S. 248, 254–55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). But "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envt'l Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir.1977) (citing *Landis,* 299 U.S. at 254–55). In deciding whether to grant a stay, courts commonly consider factors, such as: (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and

(5) whether the burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovations, Inc*., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envt'l Council*, 565 F.2d at 396.

Here, Riying's request for a stay is premised almost exclusively on its filing of a Rule 12(c) motion and its belief that the dispositive motion will likely be granted. "[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a clam under Rule 12(b)(6)."[2] [3] *Williams v. New Day Farms, LLC*, No. 2:10-cv-394, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010). Thus, "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Id*. at *2. Moreover, it is unpersuasive for a party to rely on the strength of its dispositive motion in moving to stay, unless the complaint is clearly frivolous. *Tarazi v. Oshry*, No. 2:10-cv-793, 2011 WL 1437052, at *4–5 (S.D. Ohio Apr. 12, 2011) ("Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not stayed pending resolution of such motions. *Furthermore, a stay . . . where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss*.") (quotation marks and citation omitted, emphasis supplied by

---

[2] It is for this reason that the Court's initial standing order clearly cautions parties that "[t]he filing of a motion to dismiss will not excuse the timely filing of an answer. So as not to delay the overall resolution of the case, proceedings will go forward while the motion to dismiss is being briefed and/or is under advisement by the Court. The exception is a motion to dismiss based on a challenge to personal jurisdiction." (Doc. No. 4 at 4.) Riying's Rule 12(c) motion raises no jurisdictional issues.

[3] Like a Rule 12(b)(6) motion, a Rule 12(c) motion tests the sufficiency of the pleadings and is subject to the same analysis and application of the same governing law. *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 851 (6th Cir. 2001) (citation omitted).

the district court).

While the Court is unwilling to make a preliminary ruling as to the merits of Riying's Rule 12(c) motion at this time, it does not appear that dlhBOWLES's complaint is so frivolous that it stands no chance of surviving a dispositive motion. At this stage in the proceedings, the Court is not inclined to grant a stay based on one party's view of the strength of its motion for judgment on the pleadings. *See Abercrombie & Fitch Co. v. Fed. Ins. Co*., No. 2:06-cv-831, 2010 WL 3910352, at *2 n.5 (S.D. Ohio Oct. 5, 2010) (denying motion to stay discovery where, *inter alia*, "it would be inappropriate to weigh in on the strength of either party's position in the briefing" of the dispositive motion). Such a conclusion is bolstered by the fact that dlhBOWLES is likely to suffer significant prejudice from any further delay. *See A.R. Arena Prods., Inc. v. Grayling Indus., Inc*., 5:11-cv-1911, 2012 WL 2953190, at *5 (N.D. Ohio June 25, 2012) ("[c]ourts have recognized [as a general proposition] that where the parties are direct competitors, a stay would likely prejudice the [patentee]") (collecting cases), *report and recommendation adopted by* 2012 WL 12892200 (N.D. Ohio Oct. 10, 2012).

The Court also can make no determination (nor has it been asked to) at this time as to Riying's claim that dlhBOWLES's discovery requests are burdensome. There is presently no discovery dispute before the Court, and Riying failed to append the discovery requests to its motion to stay. Going forward, counsel are encouraged to work together to resolve any disagreements regarding the nature and scope of discovery and are reminded that discovery disputes that require Court intervention should be the rare exception and not the rule.

Finally, the Court observes that even if Riying prevails on its Rule 12(c) motion, the litigation will not likely be resolved. If the Court grants dlhBOWLES's motion to amend, the case will go forward on patent infringement allegations relating to the '131 patent, regardless of

any ruling on the Rule 12(c) motion. Additionally, unless the Court dismisses the counterclaims *in toto*, the case could conceivably go forward on Riying's request for declaratory judgment on the issue of invalidity.

### III. CONCLUSION

There have already been numerous delays in this litigation, and the Court is unwilling to delay the case any further, especially where Riying waited until the case had been pending for close to a year before seeking relief on the pleadings. Accordingly, and for the foregoing reasons, Riying's motion to stay discovery pending resolution of its Rule 12(c) motion is denied. Because this case will proceed in accordance with the Amended CMPTO, and the Court will issue rulings on the pending motions in due course, dlhBOWLES's motion for a status conference to discuss the pending motions (Doc. No. 45) is denied as moot.

**IT IS SO ORDERED**.

Dated: December 10, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**