UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| dlhBOWLES, Inc., | ) | CASE NO. 5:21-cv-170 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JIANGSU RIYING ELECTRONICS CO., | ) | |
| LTD., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court are two motions filed by plaintiff: (1) a motion to dismiss defendant's

counterclaim (Doc. No. 15 (MTD)); and (2) a motion for leave to file a first amended complaint.

(Doc. No. 27 (MTA).) These motions are fully briefed and ripe for resolution. (Doc. No. 21

(MTD Opposition); Doc. No. 22 (MTD Reply); Doc. No. 28 (MTA Opposition); Doc. No. 31

(MTA Reply); Doc. No. 32 (MTA Sur-Reply).) For the reasons that follow, plaintiff's motion to

amend is granted, and its motion to dismiss the counterclaim is granted in part and denied in part.

I.  BACKGROUND

According to the complaint, plaintiff dlhBOWLES, Inc. ("dlhBOWLES") "is a Canton,

Ohio company that is the recognized leader in the design, development, manufacture, and sales

of automotive washer nozzles." (Doc. No. 1 at 1[1] ¶ 1.) On January 21, 2021, dlhBOWLES filed

the present federal action against defendant Jiangsu Riying Electronics Co., Ltd. ("Riying")

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the
Court's electronic filing system, a citation practice recently adopted by the Court despite different directions in the
Initial Standing Order in this case.

raising a single claim alleging infringement of U.S. Patent No. 8,662,421 (the "'421 patent"). (*Id*. at 1–2 ¶¶ 2, 4; *see id*. at 5–7 ¶¶ 23–32.) The '421 patent "is directed to an adjustable fluidic sprayer used on vehicles to apply wash liquid on windshields by utilizing a reduced size configuration of the nozzle housing while maintaining desired fluid spray characteristics." (*Id*. at 2 ¶ 5.) In addition to asserting infringement, dlhBOWLES alleges that the infringement of the '421 patent by Riying was willful and seeks enhanced damages as a result. (*Id*. at 5, 6 ¶¶ 21, 31, Prayer at 7 ¶ (F).) On March 31, 2021, Riying filed an answer denying all allegations in the complaint, asserting numerous affirmative defenses, and further asserting counterclaims requesting declaratory judgment on the issues of invalidity/unenforceability of the '421 patent (Count I); non-infringement of the '421 patent (Count II); and non-willful infringement of the '421 patent (Count III). (Doc. No. 10 (Answer & Counterclaim).)

Shortly after Riying filed its answer and counterclaim, the parties entered into informal settlement negotiations. To facilitate these discussions, the Court agreed to delay the case management conference, originally scheduled for May 14, 2021, until June 24, 2021. (Doc. No. 16 (dlhBOWLES's Unopposed Motion for Continuance); Non-document Order, 5/11/2021.) These initial discussions did not lead to immediate resolution. At the case management conference on June 24, 2021, the Court issued a case management plan and trial order ("CMPTO") setting dates and deadlines through claim construction. (Doc. No. 20 (CMPTO); *see* Minute Order, 6/24/2021.)

The parties continued to engage in settlement talks. On August 9, 2021, dlhBOWLES filed an unopposed motion to continue all of the dates in the CMPTO. (Doc. No. 24.) In support of the continuance, dlhBOWLES represented that "[t]he parties have since [the case management

conference] dedicated their time to resolving the present issues before the court and to obviate the need for dlhBOWLES to file an amended complaint for additionally discovered products." (*Id*. at 1.) The Court granted the motion, and, on August 12, 2021, issued an amended CMPTO extending the dates and deadlines through claim construction by thirty days. (Doc. No. 25 (Am. CMPTO).)

In the parties' most recent status reports, filed November 8, 2021, November 9, 2021, and December 23, 2022, the parties advised the Court that they had exchanged infringement/non-infringement contentions and had engaged in some limited written discovery. (Doc. No. 38 at 1–2; Doc. No. 39 at 2–3; Doc. No. 53 at 2.) They further reported that, while they continued to discuss resolution, they did not anticipate "any imminent settlement." (Doc. No. 38 at 2; Doc. No. 39 at 4.)

## II. MOTION TO AMEND

dlhBOWLES now seeks to add a claim alleging infringement of U.S. Patent No. 7,014,131 (the "'131 patent") by another Riying product. (*See* Doc. No. 27-1 (Proposed First Amended Complaint ["FAC"]); Doc. No. 27-2 (Proposed FAC [Redlined]).) According to the proposed FAC, the '131 patent "is directed to a fluidic nozzle for multiple spray devices for automotive and other applications." (Doc. No. 27-1 at 3 ¶ 6.) In its motion, dlhBOWLES represents that "[d]uring settlement discussions, dlhBOWLES raised this second infringement issue [relating to the '131 patent], and parties attempted to resolve the issues to obviate the need to amend the complaint." (Doc. No. 27 at 1.) Believing that the parties had reached an impasse with respect to settlement, dlhBOWLES subsequently sought leave to amend to raise infringement of the '131 patent.

### A.    Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs dlhBOWLES's motion.[2] It

provides, in relevant part, that the Court should "freely give leave" to amend to plaintiffs "when

justice so requires." "Nevertheless, denying leave is appropriate in instances of 'undue delay, bad

faith or dilatory motive, on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc.'" *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453,

458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222

(1962)). Courts should freely give leave to amend in the absence of these factors. *Foman*, 371

U.S. at 182. When filed "at a late stage in the litigation," however, a motion for leave to amend

carries "an increased burden to show justification for failing to move earlier." *Wade v. Knoxville*

*Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citation omitted).

The Sixth Circuit has noted that "delay alone, regardless of its length is not enough to

bar" the amendment "if the other party is not prejudiced." *Duggins v. Steak 'N Shake, Inc.*, 195

F.3d 828, 834 (6th Cir. 1999) (quotation marks and citations omitted); *see Wade*, 259 F.3d at 458

–59 ("Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial

---

[2] Where "the deadline for amending pleadings established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, 'a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend' and the Court 'must evaluate prejudice to the nonmoving party before [it] will consider whether amendment is proper under Rule 15(a).'" *Bare v. Fed. Express Corp.*, 886 F. Supp. 2d 600, 605 (N.D. Ohio 2012) (quoting *Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (further quotation marks and citation omitted)); *see Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (recognizing that the Sixth Circuit applies a different standard when reviewing a decision on a motion to amend filed after the date set forth in the Rule 16 scheduling order) (citing *Leary v. Daeschner*, 349 F.3d 888, 905–09 (6th Cir. 2003)). Here, the Court did not set a deadline to amend the pleadings. Accordingly, Rule 16's more stringent standard does not apply. *See, e.g., Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441, 2014 WL 1379282, at *1 (N.D. Cal. Apr. 8, 2014) (Rule 15(a) applied to motion to amend where court's case management order did not provide for a deadline for amending pleadings).

prejudice to the opposing party are critical factors in determining whether an amendment should be granted.") (quotation marks and citations omitted). Delaying an amendment until after the close of discovery, however, is *per se* prejudicial. *Scheib v. Boderk*, No. 3:07-cv-446, 2011 WL 208341, at *3 (E.D. Tenn. Jan. 21, 2011) (citing *Duggins*, 195 F.3d at 834).

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (citation omitted). A party can also demonstrate prejudice by showing it "ha[s] insufficient time to conduct discovery of the [new claim]; that [it] was unfairly surprised by the [new theory]; or that [it] ha[s] insufficient time to conform [its] pleadings to the [new] claim." *United States v. Wood*, 877 F.2d 453, 456–57 (6th Cir. 1989).

## A.    Discussion

dlhBOWLES insists justice so requires permitting it to amend its complaint because it did not unduly delay in requesting leave after it determined that the parties' settlement discussions had stalled. Specifically, it notes that it sent the most recent version of the settlement agreement to Riying on August 9, 2021. When it did not hear back, it filed the motion to amend on August 20, 2021 without further delay. (Doc. No. 27 at 3–4; *see* Doc. No. 31 at 4 ["Pursuing potential settlement from April until August cannot constitute undue delay. If it did, then parties would be distracted from seriously pursuing settlement out of fear of waiving the right to lawfully pursue their claims based on a delay claim."].) It also represents that it brings the motion in good faith and without dilatory motive, noting that it gave Riying notice of the possible need to amend as

early as the Rule 26(f) planning conference on June 21, 2021 (*see* Doc. No. 18 (Report of

Parties' Planning Meeting) at 1, 4) and that it "provide[d] a claim chart of the new infringement

claim to Riying during settlement negotiations." (Doc. No. 27 at 4.)

Riying counters that the proposed amendment "does not merely cure a technical pleading

defect, but instead dramatically expands the scope" of a case that has been pending since January

2021 "by adding new infringement claims about an unrelated patent (the '131 Patent) that will

involve facts, evidence, legal issues, and claim construction pleadings that have nothing to do

with the current litigation." (Doc. No. 28 at 2.) Under these circumstances, Riying complains that

that "undue delay and prejudice are inevitable if the proposed amendment is permitted[,] noting

that it has already served its answer, the parties have fully briefed dlhBOWLES's motion to

dismiss the counterclaim, and the parties have prepared infringement/non-infringement

contentions.[3] (*Id*. at 3–4.) Riying predicts that "[a]n amended pleading at this juncture will lay

waste to all litigant and judicial resources expended on those matters, will increase Riying's

litigation costs, and will derail the current schedule." (*Id*. at 4.) It also argues without any

elaboration that dlhBOWLES's amendment is unwarranted because it would be "futile, as

[dlhBOWLES] will not be able to sustain its allegations of infringement." (*Id*. at 4 n.2.)

*Futility*

The Court can dispose of Riying's futility argument in short order. A futile claim, for

purposes of a Rule 15(a)(2) motion, would not withstand a Rule 12(b) motion to dismiss.

---

[3] Riying's only other argument relative to undue delay related to dlhBOWLES's ability to honor other dates and deadlines in this case. In its opposition, Riying alleged that dlhBOWLES did not diligently abide by the Court's August 23, 2021 deadline for providing infringement contentions. (Doc. No. 28 at 1.) However, it subsequently retracted this argument, explaining that while it cannot locate dlhBOWLES's email containing its infringement contentions (which dlhBOWLES points out included contentions relative to the '131 patent), it accepts dlhBOWLES's good faith representation that the email was sent. (Doc. No. 32 at 1; *see* Doc. No. 31 at 1–2, 5.)

*Bergmoser v. Smart Document Sols., LLC*, 268 F. App'x 392, 396 (6th Cir. 2008) (citation omitted). This Court has previously stated that "a court need make only a minimal assessment of the merits of any proposed new claims[.]" *Fred Martin Motor Co. v. Crain Commc'ns, Inc.*, No. 5:12-cv-1479, 2013 WL 626499, at \*2 (N.D. Ohio Feb. 20, 2013) (citation omitted). "Namely, it must conclude that the proposed claims are not 'clearly futile' due to facial lack of merit, frivolousness, lack of jurisdiction, or other obvious legal defect." *Id*. (citations omitted).

Riying offers nothing more than its conclusion that dlhBOWLES will be unable to sustain its infringement contentions relative to the '131 patent. However, it is not sufficient for Riying to suggest that dlhBOWLES will ultimately fail on its claim. *See Rose v. Hartford Underwriters Ins. Co*., 203 F.3d 417, 421 (6th Cir. 2000) (futility was not demonstrated by the argument that the claim would not survive summary judgment). Riying has not argued that the proposed claim is facial deficient or otherwise fatally pled, nor has it argued that it is frivolous or that the Court lacks subject matter jurisdiction over it. At this stage in the proceedings, the Court rejects a finding that the proposed claim is clearly futile.

*Undue Delay*

The Court also rejects Riying's argument relative to undue delay. dlhBOWLES explains that, after it filed the complaint, it identified a second infringing product that infringes a second dlhBOWLES patent. (Doc. No. 27 at 2.) As early as the parties' planning meeting, it advised Riying, and then later the Court in the report of that meeting, of the possible need to amend. The parties then embarked on an extended period of settlement negotiations. It could be argued that a party who waits to see if settlement talks prove fruitful before seeking leave to amend, does so at its own peril. Nevertheless, dlhBOWLES represents, and Riying does not deny, that the parties

pursued these discussions with an eye toward avoiding the need for dlhBOWLES to amend. (*See* Doc. No. 24 at 2.) Give the parties' understanding as to the purpose and goal of these discussions, the Court cannot say that dlhBOWLES unduly delayed in waiting to amend until after it determined that negotiations were not likely to lead to resolution.

*Prejudice*

Even if Court had found undue delay, that would not end the inquiry because undue delay, alone, cannot defeat a motion to amend. *Duggins*, 195 F.3d at 834. Rather, the Court would also have to find that there has been a "'significant showing of prejudice'" to Riying. *Id.* (quoting *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986)). The Court cannot make such a finding here. Contrary to Riying's representations, the present litigation is still in its early stages. dlhBOWLES represents that "[t]he parties have not seriously litigated this case because they have focused on pursuing settlement and have not started discovery." (Doc. No. 31 at 4.) Indeed, even as late as November 2021, the parties had only begun to serve written discovery requests and responses. And importantly, the parties and the Court have yet to engage in claim construction as the *Markman* hearing is still months away. (*See* Doc. No. 25 at 2.) The procedural posture of the case weighs in favor of allowing the amendment. *Compare Fin. Res. Fed. Credit Union v. Diebold, Inc.*, No. 5:21-cv-219, 2021 WL 1685563, at *1 (N.D. Ohio Apr. 29, 2021) (allowing amendment where, despite the fact that the case was a year old, it "remaine[d] in the early stages and discovery ha[d] not yet begun in earnest"); *SZ DJI Tech. Co. Ltd. v. Yuneec Int'l Co. Ltd.*, No. ED CV 16-0595, 2016 WL 9150618, at *2 (C.D. Cal. Dec. 1, 2016) (allowing amendment to add five new patents where the *Markman* hearing had not yet taken place and dispositive motions were not due for "over seven months"); *Trueposition, Inc. v.*

8

*Allen Telecom, Inc.*, No. 01-cv-823, 2002 WL 1558531 (D. Del. July 16, 2002) (leave to amend to plead infringement involving four additional patents permitted "[s]ince discovery is in its earliest stages, amendment of the complaint will not deprive [defendant] of the opportunity to present facts or evidence or otherwise prepare and present its case"); with *j2 Global Commc'ns, Inc. v. EasyLink Servs. Int'l Corp*., No. CV 09-04189, 2011 WL 1532048, at *2 (C.D. Cal. Apr. 21, 2011) (amendment denied where it would prejudice defendant in that claim construction was complete) (cited by Riying).

There also appears from the proposed amended pleading to be enough similarity between the two patents to suggest that certain economies will be gained by trying all issues relating to these patents in the same proceeding. Though there are differences—the '421 patent is directed to "an adjustable fluidic sprayer used on vehicles" (Doc. No. 27-1 at 3 ¶ 5) and the '131 patent is directed to "a fluidic nozzle for multiple spray devices for automotive and other applications" (*id*. ¶ 6)—the inventions and the technology supporting them are, at the very least, related. Given these similarities, there will likely be an overlap in discovery, further reducing any alleged prejudice. *See Cellectis S.A. v. Precision Biosciences, Inc*., 881 F. Supp. 2d 609, 615 (D. Del. 2012) ("'[T]here is substantial authority for allowing supplemental pleadings where the new infringement claims relate to the same technology or to new patents containing similar claims as those in the original patent.'") (quoting *Lamoureux v. AnazaoHealth Corp*., 669 F. Supp. 2d 227, 237 n.12 (D. Conn. 2009) (collecting cases)).

The Court recognizes that the new claim will enlarge the scope of the case, and it appreciates that Riying will need to engage in some additional work as a result of the amendment, such as amending its answer and any previously submitted document requests. Still,

Riying has not alleged or demonstrated that the amendment will require it to expend significant additional resources to conduct discovery or prepare for trial, nor has it suggested that it will have insufficient time to conduct discovery or conform its pleadings to the new claim.[4] Further, Riying has not alleged (nor could it) that it was surprised by the amendment having been on notice of the possibility since the parties' planning meeting. *See Wood*, 877 F.2d at 456–57. Under these circumstances, the Court concludes there has not been a sufficient showing of prejudice to warrant denying dlhBOWLES leave to amend.

Accordingly, the Court grants the motion to amend and will treat Doc. No. 27-1 as dlhBOWLES's first amended complaint.

### III. MOTION TO DISMISS

dlhBOWLES also seeks dismissal of all three counts in the counterclaim, arguing that each count is redundant in that it represents nothing more than a mirror-image of the complaint. According to dlhBOWLES, the counterclaim also fails to plausibly plead a right to declaratory judgment and/or relies on factual allegations that have been proven to be untrue or are subject to scrutiny.

### A.      Legal Standards

There are two standards implicated by the present motion to dismiss. The first standard relates to the Court's discretion to grant a declaratory judgment. *See AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct.

---

[4] In fact, granting leave to amend will likely benefit the Court and the parties. Where (as here) the additional patent is closely related to the already asserted patent and involves similar technology, it is clearly in the interests of judicial economy and the minimization of litigation costs to dispose of all of the claims between the parties in one proceeding. The inefficiencies and expense of duplicating efforts in two separate actions weigh strongly in favor of amendment.

2137, 132 L. Ed. 2d 214 (1995)). The Court considers five factors in determining whether a declaratory judgment is appropriate: "(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (citations omitted).

The second applicable standard is the pleading standard governing claims and counterclaims. Generally, "district courts adjudicating patent cases apply the law of the Federal Circuit, not the regional circuit, where the question 'is intimately involved with the substance of the patent laws.'" *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 381 (E.D. Mich. 2020) (quoting *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012)). "The sufficiency of a complaint [or in this case a counter-complaint], however, is governed by Federal Rule of Civil Procedure 8(a)(2) as interpreted by the Supreme Court. The Federal Circuit considers that a purely procedural issue, which is governed by the applicable law of the regional circuit." *Id.* (quotation marks and citations omitted).

The Court views the counterclaim in the light most favorable to Riying, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in its favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d

389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Rule 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, "[t]o survive a motion to dismiss, the pleading must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a party has not "nudged [his] claims across the line from conceivable to plausible, [the pleading] must be dismissed." *Twombly*, 550 U.S. at 570.

## B.    Discussion

dlhBOWLES argues that the counts in the counterclaim are redundant to the issues raised in the complaint and should be dismissed because they add nothing to the litigation. With respect to the counts directed to non-infringement and non-willful infringement, the Court agrees.

Federal courts may dismiss a claim for declaratory judgment that is redundant of other claims in the case because redundant claims serve no useful purpose, and "may appropriately do so without relying on the [other] *Grand Trunk* factors." *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 405–06 (6th Cir. 2017) (collecting cases); *see also Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, 819 F.2d 289 (Table), 1987 WL 37488, at *3 (6th Cir. May 27, 1987) ("when a counterclaim merely restates the issue as a 'mirror image' to the complaint, the counterclaim

serves no useful purpose"). In *Malibu Media*, the Sixth Circuit affirmed dismissal of a counterclaim for failure to state a claim under Fed. R. Civ. P. 12(b)(6) when the counterclaim allegations tracked those in the complaint and sought only a declaratory judgment of non-infringement—the mirror image of plaintiff's claims for infringement. *Malibu Media,* 705 F. App'x at 406. The Court held that "[t]he heart of [the] counterclaim is whether [defendant] infringed the copyrighted works; resolution of [the] copyright infringement claim would dispose of all factual and legal issues necessary for deciding the counterclaim." *Id.* Although the court reviewed the motion as one under Rule 12(b)(6), it considered whether the counterclaim would serve a "useful purpose." *See id.* (discussing the factors articulated in *Grand Trunk R.R.*)

Here, a review of the Counts II and III of the counterclaim reveals that they are mere mirror images of the complaint. Count II tracks the language in the complaint and is supplemented only by conclusory allegations regarding the existence of a controversy and the need for declaratory relief. With respect to the issue of non-infringement, it provides simply that Riying's "actions of manufacturing, using, selling, and offering to sell the Accused Product do not constitute infringement of the '421 Patent." (Doc. No. 10 at 12 ¶ 38.) Count III, non-willful infringement, contains similar conclusory allegations, including the allegation that Riying's "actions of manufacturing, using, selling, and offering to sell the Accused Product do not constitute infringement of the '421 Patent." (*Id.* at 13 ¶ 46.) In the prayer for relief, Riying seeks declarations of non-infringement and non-willful infringement. (*Id.* (Prayer) at 13–14 ¶¶ 2, 3.)

These counts are clearly redundant. "The heart of [these counts] is whether [Riying] infringed [and/or willfully infringed] . . .; resolution of [dlhBOWLES's patent] infringement claim would dispose of all factual or legal issues necessary for deciding [these] counterclaim[s]."

*Malibu Media*, 705 F. App'x at 406. Counts II and III of Riying's counterclaim are dismissed.

A different result is warranted for Count I. The Sixth Circuit has cautioned against dismissing counterclaims that reach beyond the issue of non-infringement because, as "frequently happens" in patent or trademark suits, courts may find the defendant innocent of infringement and thus "deem[] it unnecessary to determine issues of title, validity, or the scope of the patent claims." *Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 174 (6th Cir. 1942). While "[o]ne defendant exonerated of infringement may be content with such adjudication—another may not." *Id.*; *see Good L. Corp. v. Fasteners for Retail, Inc.*, No. 3:18-cv-489, 2020 WL 2572480, at *3 (M.D. Tenn. May 20, 2020) (citing *Dominion Elec. Mfg.* and noting that "it remains the case that a finding of non-infringement could be decided on any number of grounds and would not necessarily require a determination of validity and it is this declaration that [the defendant] seeks through its counterclaim"). Because the invalidity counterclaim allows Riying to pursue its claim that dlhBOWLES has no protectable interest in the '421 patent even if the Court determines that no infringement occurred on other grounds, it serves a useful purpose and will not be dismissed on that ground.[5] *See, e.g., Am. Energy Corp. v. Am. Energy Partners, LP*, No. 2:13-cv-886, 2015 WL 881519, at *3 (S.D. Ohio Mar. 2, 2015) (permitting counterclaim challenging the validity of a trademark to go forward).

To survive the present Rule 12(b)(6) motion, the Court must also find that Riying's invalidity counterclaim meets the pleading requires of Rule 8(a). *See Webasto Thermo &*

---

[5] As to the other *Grand Trunk W. R.R.* factors, the Court notes that a finding of invalidity would settle the controversy between the parties without creating any friction between the federal and state courts or encroaching upon state jurisdiction as only federal patent rights are at issue. Further, there is no evidence that the invalidity counterclaim is being used for the purpose of procedural fencing, and the Court is unaware of an alternative remedy that would be more effective in fully resolving the issues before it. *See Grand Trunk W. RR.*, 746 F.2d at 326 (citing factors).

*Comfort N. Am.*, *Inc. v. Bestop, Inc*., No. 16-cv-13456, 2017 WL 4535290, at *4 (E.D. Mich. Oct. 11, 2017) (noting that it is "overwhelmingly accepted" that patent claims and counterclaims must comply with the *Twombly* and *Iqbal* pleading standard) (collecting cases)). And Count I— far more factually particularized than Counts II and III—appears to meet the *Iqbal* and *Twombly* standard. Riying alleges that several elements of the '421 patent are "disclosed in prior art, and/or elements that would be obvious to a person of ordinary skill in the art of the invention, or the general public." (Doc. No. 10 at 9 ¶ 19; *see id* ¶¶ 20–21 [identifying the '131 patent as a source of the prior art].) Additionally, the counterclaim alleges that the "independent claims 1, 5, and 7 of the '421 patent were disclosed in the prior art, [U.S. Patent No. 6,186,409] the '409 [p]atent, owned by the same applicant of the '421 [p]atent." (*Id*. ¶ 22; *see id*. ¶ 21.)

The invalidity counterclaim also contains allegations relating to an amendment to the '421 patent. Specifically, Riying avers that at the insistence of the U.S. Patent and Trademark Office ("PTO"), on July 19, 2006, claim 1 of the '421 patent was amended to "include the limitation that 'said flow passages that proximate said base edges having no sidewalls to form edge boundaries for the said flow passages', in order to achieve the objective of meeting the smaller size constraints, by omitting sidewalls in the essential element 'fluidic circuit base' of the claimed patent." (*Id*. ¶ 23; *see id*. ¶ 24.) By including this amendment to provide for the housing cavity wall to form one or more boundary of the base inserted into the housing cavity, Riying alleges that the '421 patent was converted into "a conventional art to an ordinary person skilled in the art at the time of the application of the '421 [p]atent." (*Id*. ¶ 25; *see id*. ¶ 26 [listing prior patents containing such configuration].)

dlhBOWLES appears to offer two arguments for why these allegations fall short of satisfying Rule 8(a). First, it suggests that Riying cannot prove invalidity based on refences that were considered by the examiner. (Doc. No. 15 at 10.) Second, it insists that Riying will ultimately be unable to prevail on the issue of invalidity. As to the later, dlhBOWLES posits that "Riying has merely pointed to the prior, independent existence of several elements of the '421 patent, . . . [a]nd in doing so, Riying has only claimed that this combination was obvious to it" so as to justify its years of taking advantage of dlhBOWLES's innovations for its own benefit. (*Id*. at 11.) Both arguments are more appropriately reserved for summary judgment or trial.

Section 282 of the United States Code Title 35 affords a presumption of validity to all issued patents. This presumption of validity is "reflected in the standard of proof required to prove invalidity, clear and convincing evidence." *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012) (citation omitted). The burden of proof does not change, or suddenly become insurmountable, where a reference was previously considered by the PTO. *See id*. ("Whether a reference was previously considered by the PTO, the burden of proof is the same: clear and convincing evidence of invalidity.") While it may ultimately be more difficult to convince a trier of fact that a reference previously before the examiner was invalidating, the existence of a previously considered reference is not necessarily fatal to an invalidity claim.

With respect to its second argument, dlhBOWLES argues that the prior patents relied on by Riying to prove invalidity used ineffective technology that actually "proves the '421 patent's novelty—*more* versatile fluidic inserts in *smaller* size constraints that improve actual spray performance previously *unachievable*." (Doc. No. 15 at 11, citing '421 patent, emphasis in motion.) While it insists that this is "strong evidence" weighing against invalidity (*see id*.)—and

dlhBOWLES may ultimately defeat the invalidity counterclaim with such proofs—the argument fails to take into account the procedural posture of the case. On a Rule 12(b)(6) motion, the Court considers not whether the claim (or counterclaim) will ultimately succeed, but whether the facts alleged permit the Court to infer "more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679; *see Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021) (denying a motion to dismiss a plausibly pled free-exercise claim and noting that "whether [the] claim ultimately prevails will depend on the results of discovery and the clash of proofs at trial").

Riying has shown more than bare legal conclusions and identified plausible facts that support its conclusion that the '421 patent is invalid because of prior art references.[6] *See Bestop, Inc.*, 2017 WL 4535290, at *5 (dismissing a counterclaim because it "fail[ed] to allege sufficient factual content"). The Court will not, therefore, dismiss Count I of the counterclaim. As a result, the motion to dismiss is granted in part and denied in part.

---

[6] Pointing to the fact that both Counts II and III incorporate by reference the factual allegations set forth relative to invalidity in Count I, Riying argues that Counts II and III plausibly plead valid counterclaims because logic dictates that an accused product can neither infringe nor willfully infringe an invalid patent. (Doc. No. 21 at 8.) To the extent Counts II and III are based on invalidity contentions, they add nothing to the litigation or otherwise further Riying's position. Accordingly, the Court will not exercise its jurisdiction over these duplicative counts. *See Moran v. Ruan Logistics*, No. 1:18-cv-223, 2018 WL 4491376, at *3 (S.D. Ohio Sept. 19, 2018) ("It is appropriate for a court to dismiss duplicative claims[.]") (collecting cases).

## IV. CONCLUSION

For the foregoing reasons, dlhBOWLES's motion to amend is granted, and its motion to dismiss is granted in part and denied in part. The counterclaim will be permitted to go forward on Count I (invalidity/unenforceability).

**IT IS SO ORDERED**.

Dated: January 3, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**