# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| dlhBOWLES, Inc., | ) | CASE NO. 5:21-cv-0170 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE CARMEN E. HENDERSON |
| | ) | |
| Jiangsu Riying Electronics Co., Ltd., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

## dlhBOWLES' Motion for a Protective Order

### Introduction

In accordance with Fed. R. Civ. P. 26(c)(1) and 36, dlhBOWLES, Inc. ("dlhBOWLES") moves the Court for a protective order relieving dlhBOWLES of its obligation to answer the unduly burdensome and improper 86 Requests for Admission ("RFAs") served by Defendant Jiangsu Riying Electronics Co., Ltd. ("Riying"). (Ex. A.)

Riying's 86 RFAs are objectionable for the following reasons: (1) the number of RFAs are excessive in number and thus unduly burdensome; (2) 37 RFAs request pure conclusions of law; (3) Riying attempts to use 14 RFAs as improper discovery devices; and (4) 52 RFAs ask dlhBOWLES to improperly admit facts central to the dispute. Rule 36 and the controlling law explicitly prohibit Riying's improper and unlawful usage of RFAs in this manner.

Under L.R. 37.1 dlhBOWLES contacted counsel for Riying in a good faith attempt to resolve the issues above. (Ex. B.) Riying has not responded to this request. Because these RFAs are improper under Rule 36 and are otherwise due on March 7, 2022, dlhBOWLES moves for a protective order so that the matters within are not deemed admitted under Rule 36(a)(3).

## Law and Argument

**I.      Riying's RFAs are improper.**

Rule 26 allows a party to move for a protective order to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). If the moving party shows good cause for its motion, remedies under this rule include an order "forbidding discovery," "specifying terms … for the disclosure or discovery," and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" *Id.*

Rule 36 permits a party to serve a "written request to admit … the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Requests for admissions are not a general discovery device. *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986).

"While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (citing 7 Moore's Federal Practice § 36.02[1] (3d ed. 2013)).

Rule 36, however, is misused in cases where the RFA are not designed to "identify and eliminate matters on which the parties agree," but instead "seek information as to fundamental disagreement at the heart of the lawsuit, or are unduly burdensome." *Tamas v. Fam. Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014) (citation omitted). In such cases, a protective order under Rule 26 is a proper remedy. *Id.* (granting protective order against improper RFAs).

dlhBOWLES' objections to the RFAs fall into four categories, as detailed below.

### A. Riying's 86 RFAs are oppressive and unduly burdensom.

While Rule 36 does not expressly limit the number of RFAs a party can serve, courts routinely limit the number a party can serve on another. *See, e.g.*, *McClafferty v. Portage Cty., Ohio Bd. of Comm'rs*, No. 5:19CV2219, 2021 WL 1214841, at *16 (N.D. Ohio Mar. 30, 2021) (citing Rule 26(b)(2)(A) and local rules in other districts limiting RFAs to 25 and limiting to the same); *Taylor v. Great Lakes Waste Servs.*, No. 06-CV-12312-DT, 2007 WL 422036, at *3 (E.D. Mich. 2007) (same); *Robinson v. Stanley*, No. 06 C 5158, 2009 WL 3233909, at *1-3 (N.D. Ill. Oct. 8, 2009) (excusing party from answering 90 RFAs).

Riying served 86 RFAs so, on its own, the number of RFAs presents an undue burden. *McClafferty*, 2021 WL 1214841, at *16. But that burden is intensified by the fact that under Rule 36 dlhBOWLES has the obligation to admit, deny, or "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Where there is a "lack of knowledge or information as a reason for failing to admit or deny" dlhBOWLES has the obligation to make a reasonable inquiry into the matter and state as much in its response. *Id*.

Riying presents a number of RFAs that dlhBOWLES cannot answer without expending considerable effort to meet its obligation under Rule 36. For example, Riying asks dlhBOWLES to admit various propositions about its business, such as the fact that its offices are in China, its manufacturing facilities are in China, the products were manufactured in China, sold in China, etc. (*See, e.g.*, Ex. A, RFAs 5-9, 11, 13, 15, 16, 18, 19, 22, 24, 25, 29, 31, 34.) Riying further asks dlhBOWLES to admit various facts about third party company General Motors and its Chinese joint venture, SAIC General Motors Corporation Limited. (*See, e.g.*, *id.* RFAs 38-44.)

At this stage dlhBOWLES is still in the process of evaluating the evidence that Riying provided and investigating and thus would need to expend further efforts in order to admit, deny,

or assert a lack of knowledge under Rule 36. The cumulative effect of each of these 86 RFAs and the effort required to respond is therefore unduly burdensome and oppressive.

In line with the case law, the Court should grant dlhBOWLES a protective order excusing it from answering the 86 RFAs because the unreasonable number of RFAs is unduly burdensome and oppressive.

### B. 37 RFAs call for improper pure conclusions of law.

Riying includes 37 RFAs that call for pure conclusions of law. (*See* Ex. A, RFAs 30, 45, 46-51, and 52-81.) RFAs *cannot* ask for pure conclusions of law. Fed. R. Civ. P. 36(a)(1)(A) (limiting scope of RFAs to "facts, *application of law to fact*, or opinions about either") (emphasis added); *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 623 (N.D. W.Va. 2006) ("[w]hat is improper under Rule 36 ... is a request to admit a pure matter of law."). Examples of such improper RFAs include the following:

| # | Riying's Request to Admit | Improper Pure Legal Conclusion Requested |
|---|---|---|
| 30 | Admit that the words "import" and "export" have different meanings. | This RFA asks dlhBOWLES analyze the legal difference, if any, between "import" and "export" without any statutory context or factual application. |
| 45 | Admit that a foreign business entity does not violate 35 U.S.C. § 271(a) by manufacturing products in China. | This RFA asks dlhBOWLES to provide a legal conclusion on §271(a) without application of any facts. Even more objectionable is the law states Riying can violate §271(a) by "importing" into the U.S. infringing product made elsewhere. 35 U.S.C. § 271(a). |
| 49 | Admit that the United States Congress knows the difference between "importing" and "exporting" goods. | This speculative RFA asks dlhBOWLES to step into the shoes of "Congress" on whether it "knows the difference" between two legal terms. While the request is impermissibly vague,[1] |

---

[1] This request is also impermissibly vague and ambiguous. Does Riying want dlhBOWLES to answer whether each individual member of Congress, including the 435 members of the House of Representatives and the 100 senators know the difference? Because this RFA is vague and ambiguous and asks dlhBOWLES to step into the shoes of others to determine their knowledge, dlhBOWLES cannot answer it. *Republic of Turkey*, 326 F.R.D. at 400 (excusing party from answering RFA where RFA asked for the knowledge of "Turkey").

| | | |
|---|---|---|
| | | Riying appears to be asking a purely legal conclusion on what Congress intended the term "import" when it passed §271. |
| **50** | Admit that induced infringement under 35 U.S.C. § 217(b) [sic] requires proof that (i) the alleged inducer actively induced a third party to directly infringe the asserted patent, and (ii) the alleged inducer knew or should have known that its actions would cause actual direct infringement. | This RFA asks dlhBOWLES to agree with Riying's legal interpretation of a statute in a vacuum, which is an improper legal conclusion. |
| **51** | Admit that contributory infringement under 35 U.S.C. § 271(c) requires proof that (i) the alleged contributory infringer knew that the alleged infringing products are material to practicing the invention and have no substantial non-infringing uses and knew that the alleged infringing products were especially made or especially adapted to infringe the patents at issue, and (ii) a third party used the alleged infringing products to directly infringe the patents at issue. | This RFA asks dlhBOWLES to agree with Riying's legal interpretation of a statue, which is an improper legal conclusion. |

As to RFAs 52-81, those 29 RFAs that ask it to admit that "each element" of the claims of the patents-in-suit are "prior art" and therefore invalid, which calls for an improper pure conclusion of law. *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 130 F.R.D. 92, 96 (N.D. Ind. 1990) (denying motion to compel answer to RFAs seeking a "bald legal conclusion that certain patent claims are invalid" because it "runs counter to the proscription of [Rule 36(a)].").[2] Because RFAs 30, 45-51, and 52-81 seek improper conclusions of law, the Court should grant dlhBOWLES' motion for a protective order on this basis.

---

[2] These RFAs are also objectionable as improper applications of law to fact as will be discussed in Section I.D.

### C. Riying's RFAs are an improper discovery device.

Riying includes 14 RFAs with the sole purpose of acting as a discovery device seeking dlhBOWLES' evidence regarding the claims and defenses in this case. (*See* Ex. A, RFAs 10, 12, 14, 20, 21, 26-28, 32-36, and 37.) This is improper and contrary to Rule 36. *Misco, Inc.*, 784 F.2d 198, 205 (6th Cir. 1986) ("[r]equests for admissions are not a general discovery device.") RFAs are not properly used to seek information for which there is "fundamental disagreement" as to the nature of the facts and each parties' evidence. *Republic of Turkey*, 326 F.R.D. at 400.

Here, RFAs 10, 12, 14, 20, 21, 26-28, and 32-37 all require dlhBOWLES to "admit that [it] has no evidence" regarding various allegations in the complaint. (Ex. A at RFAs 10, 12, 14, 20, 21, 26-28, 32-37.) The parties are still in both fact and expert discovery, and many of those RFAs have information in Riying's possession, custody, and control. (*See, e.g.,* RFA 15 ("Admit that Riying's sales of the First Accused Device were limited to the time period from June 2020 to September 2020.").) These RFAs having nothing to do with obtaining an admission on an undisputed fact.

By attempting to have dlhBOWLES deny that Riying's "no evidence" RFA, Riying wrongly is trying to determine the scale and content of dlhBOWLES' evidence. Other discovery devices, such as requests for production and interrogatories–not RFAs–are the proper tool to make this determination. *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194 (D. Conn. 2014) ("Although the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Rather, requests for admission are used to establish facts about which there is no real dispute."); *see also* § 2253 Relation to Other Discovery Rules, 8B Fed. Prac. & Proc. Civ. § 2253 (3d ed.). This is improper

and the Court should grant a protective order protecting dlhBOWLES from answering these 14 improper RFAs.

### D. 52 RFAs improperly seek admissions as to central disputed facts.

Riying's requests also demand that it admit facts at the very heart of the dispute between the parties. (*See* Ex. A, RFAs 10, 12, 14, 15, 18, 19, 20, 21, 24, 26, 27, 28, 31, 32-37, 52-81, 82, 83, 84, and 86.) This is improper under Rule 36. *Dassault Systemes, SA v. Childress*, No. 09-10534, 2013 WL 12181775, at *6 (E.D. Mich. Sept. 5, 2013) ("a request for admission as to a central fact in dispute-i.e. the core of plaintiff's asserted contentions-is beyond the proper scope of normal discovery."); *Republic of Turkey*, 326 F.R.D. at 399 ("a court may excuse a party from responding to the requests" that "seek information as to fundamental disagreement at the heart of the lawsuit").

52 of Riying's RFAs do exactly what the law prohibits. Examples of these improper RFAs include:

- Asking dlhBOWLES to admit that Riying doesn't violate §271 because it does not make, import, sell, offer to sell the accused products in the United States. (*See* Ex. A, RFAs 10, 12, 14, 19, 26, 27, 28, 31, 32, 33, 34, 36, 37.) Riying is in the possession of such information, which Riying hasn't provided in its deficient discovery, and no depositions have occurred.

- Asking dlhBOWLES to admit that damages should be limited because Riying made design changes to one product and did not produce a second. (*See id.*, RFAs 15, 18, 19, 20, 21, 24, 35.) Again, Riying is in possession of such purported information but hasn't produced in discovery.

- If the Court determines that RFAs 52-81 are not pure conclusions of law, then they are objectionable because they seek dlhBOWLES to admit that the asserted patents are invalid, which is *Riying's* burden of proof by clear and convincing evidence. (*See id.*, RFAs 52-81.)

- Asking dlhBOWLES to admit, counter to its allegation in the First Amended Complaint, that it was not irreparably harmed, that it sustained no damages, and that this lawsuit did not impact the sale of the company and thus it has no damages. (*See id.*, RFAs 82, 83, 84, 86.)

Because RFAs 10, 12, 14, 15, 18, 19, 20, 21, 24, 26, 27, 28, 31, 32-37, 52-81, 82, 83, 84, and 86 all seek admissions as to facts at the center of the dispute, the Court should grant dlhBOWLES' motion for a protective order.

**II.    If the Court requires dlhBOWLES to answer any RFAs, then dlhBOWLES requests an extension to answer.**

Riying served the RFAs February 3, 2022. (ECF #91-1 (serving the RFAs on February 3, 2022.) Under the default rule, dlhBOWLES must answer Riying's RFAs within 30 days, or by March 7, 2022, or else the "matter is admitted." Fed. R. Civ. P. 36(a)(3). The Court, however, can order a longer time to respond. *Id*. Therefore, if the Court deems a response to any RFA is necessary, dlhBOWLES requests an additional 14 days from the time of the order to respond.

## Conclusion

For foregoing reasons, the Court should grant dlhBOWLES' motion for a protective order and issue an order excusing it from answering Riying's improper, unduly burdensome, and oppressive under Rules 26 and 36.


Dated: March 4, 2022

*/s/ Andrew D. Gordon-Seifert*
David B. Cupar (OH 0071622)
Mark J. Masterson (OH 0086395)
Matthew J. Cavanagh (OH 0079522)
Andrew D. Gordon-Seifert (OH 0092499)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mmasterson@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
agordon-seifert@mcdonaldhopkins.com
*Counsel for dlhBOWLES, Inc*.