# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | |
|---|---|
| DLHBOWLES, INC., | ) CASE NO. 5:21-CV-00170-DAR |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| | ) UNITED STATES MAGISTRATE JUDGE |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| JIANGSU RIYING ELECTRONICS CO., LTD., | ) CARMEN E. HENDERSON |
| | ) **ORDER** |
| Defendant, | ) |

This is before the undersigned on Defendant's notice of discovery dispute and request for telephone conference. (ECF No. 82). After an initial telephone conference, the undersigned ordered the parties to meet and confer and attempt to resolve certain issues. (ECF No. 96). The parties met and informed the undersigned of seven remaining issues. The undersigned held a telephone conference and ordered the following.

First, per the parties' agreement, Plaintiff is ordered to supplement its answers and responses to Interrogatory Numbers 3, 13, 14, 15, and 20 and Requests for Production 3, 14, 15, and 17 by Friday, April 8, 2022. Second, the parties agreed to virtual depositions. Third, the undersigned ordered Plaintiff to supplement its discovery responses that invoke attorney client privilege or the work product doctrine by specifying where the relevant document can be found in the privilege log. Fourth, the undersigned ordered Plaintiff to provide the documents withheld and identified in the privilege log that are in dispute for an *in camera* review. Plaintiff shall inform the

undersigned of the identity of the parties involved with each entry. Defendant agreed to notify Plaintiff of the specific documents in dispute. Plaintiff shall provide the disputed documents for *in camera* review within three days after Defendant's identification.

Fifth, Defendant asked that the undersigned order Plaintiff to respond to Interrogatory Number 9. The undersigned is holding this issue in abeyance pending Plaintiff's supplement to Interrogatory Number 5. Sixth, the undersigned orders Plaintiff to answer Interrogatory Number 20 by April 18, 2022. Finally, Defendant requested that the undersigned order Plaintiff to answer Request for Production 23. Defendant requests that Plaintiff produce all discovery documents and evidence that Plaintiff intends to use in the case to support its claims and allegations.[1] This request asks for information that is attorney work product and will be provided before trial via exhibit and witness lists. As such, the undersigned denied this request as improper, premature, and overly broad.

**IT IS SO ORDERED.**

Dated: March 31, 2022

                                                s/ *Carmen E. Henderson*
                                                CARMEN E. HENDERSON
                                                U.S. MAGISTRATE JUDGE

---

[1] Defendant did not provide the specific RFP language. However, in her explanation of the remaining disputes provided in an email to the undersigned, she stated that "Plaintiff refuses to produce in discovery documents and evidence that it intends to use in the case. . . responsive materials in Plaintiff's possession, custody or control that Plaintiff intends to use to support its claims and allegations are discoverable and should be produced forthwith."