**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| dlhBOWLES, Inc., | ) | CASE NO. 5:21-cv-170 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| JIANGSU RIYING ELECTRONICS, | ) | |
| CO., LTD., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On February 1, 2022, Defendant and Counter-Claimant Jiangsu Riying Electronics Co., Ltd. (Defendant) filed a "Motion to strike Plaintiff's Tardy, Out-of-Rule Answer to Counterclaim" ("Motion to strike"). (R. 68). Plaintiff dlhBOWLES, Inc. filed an opposition brief on February 15, 2022 (R. 81), to which Plaintiff filed a reply. (R. 87).

By way of background, on January 3, 2022, the Court permitted Plaintiff to amend the complaint; and also granted in part and denied in part Plaintiff's motion to dismiss Defendant's Counterclaim.[1] (R. 55). On January 14, 2022, Defendant filed an Answer to the Amended Complaint. (R. 60). On the same date, Defendant filed a Rule 12(c) motion for judgment on the first Amended Complaint, and also moved for judgment in its favor on its First Counterclaim that was raised in response to the *original* complaint. (R. 61). On January 28, 2022, less than a month

---

[1] In the same order that allowed Plaintiff to amend the complaint, the Court granted in part Plaintiff's motion to dismiss the counterclaims, but allowed the first counterclaim to proceed. (R. 55).

after the Court denied Plaintiff's motion to dismiss the First Counterclaim, Plaintiff/Counter-Defendant filed its Answer. (Tr. 67). Defendant's Motion to strike attempts to circumvent litigation in this case, and is tantamount to a motion for default judgment by having Plaintiff's Answer to the Counterclaim stricken and the allegations in the Counterclaim deemed admitted. The Counterclaim seeks to have the patent under which Plaintiff initiated the lawsuit declared invalid. Defendant moves for such outcome, despite Plaintiff's active litigation of this case.[2] "The Sixth Circuit has called default judgment a 'harsh sanction' and stressed that '[t]rials on the merits are favored in federal courts.'" *Allen Lund Company, LLC v. Captain Freight, LLC*, 2019 WL 2003872, at *2 (S.D. Ohio, May 7, 2019) (*quoting United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983); *accord Orrand v. Erectors*, 1998 WL 45486, at *1 (6th Cir. Jan. 27, 1998).

Therefore, Defendant's "Motion to strike Plaintiff's Tardy, Out-of-Rule Answer to Counterclaim" (R. 68) is hereby DENIED.

IT IS SO ORDERED.

s/ *David A. Ruiz*

David A. Ruiz
United States District Judge

Date: June 23, 2022

---

[2] Defendant denies it is seeking default judgment (R. 87, PageID# 2288), but it is in effect doing so. Defendant's pretext for resolving this case other than on the merits is Plaintiff's purported failure to comply with the Initial Order issued by the District Judge previously assigned to this matter, which states: "The filing of a motion to dismiss will not excuse the timely filing of an answer." (R. 4, PageID# 38). Neither the Minutes to a June 24, 2021 Case Management Conference (CMC) held by the same District Judge, nor the ensuing CMC plan (R. 20) noted any deficiency on Plaintiff's part due to its failure to file an Answer to the counterclaim on an earlier date.