**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| dlhBOWLES, Inc. | ) | CASE NO. 5:21-cv-170 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| JIANGSU RIYING ELECTRONICS, CO., LTD., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

## I. Background

Plaintiff dlhBOWLES, Inc. (Plaintiff) filed a Motion to amend the complaint against Defendant Jiangsu Riying Electronics, Co., Ltd. (Defendant or Riying) on August 20, 2021, (R. 27), attaching its Proposed First Amended Complaint that sought to add a claim alleging infringement of U.S. Patent No. 7,014,131 (the '131 patent). (R. 27-1). On January 3, 2022, the Court permitted Plaintiff to amend the complaint. (R. 55). It specifically noted that it "will treat Doc. No. 27-1 as dlhBOWLES's first amended complaint." (R. 55, PageID# 1319). On January 5, 2022, Plaintiff separately filed its Proposed First Amended Complaint.[1] (R. 58). Six days later, Plaintiff filed a "Notice of Correction to Amended Complaint," explaining that it "filed its Amended Complaint (R. 58) to correct a typographical error from 'General Motors, Inc.' to 'General Motors Company' and clarify that 'General Motors Company' included … 'its subsidiaries, affiliates, partners, joint ventures, owners, including SAIC General Motors

---

[1] Even in cases where a proposed amended pleading has been attached to a motion for leave to amend, this Court generally requires the party that proposed the amended pleading to thereafter file its amended complaint separately on the docket.

Corporation Limited.'" (R. 59, citing R. 58 at ¶¶31 & 42).[2]

Defendant filed an Answer to the Amended Complaint on January 14, 2022. (R. 60). Defendant also filed a Rule 12(c) motion for judgment on the pleadings of Plaintiff's Amended Complaint and count one of its Counterclaim. (R. 61). Plaintiff opposed the motion for judgment (R. 83) and Defendant filed a reply in support of its motion. (R. 94). This matter is ripe for the Court's consideration.

## II. Summary of Factual Allegations in the Amended Complaint

Plaintiff is a Canton, Ohio company that designs, develops, manufactures, and sells automotive washer nozzles, spray nozzles, and fluidic nozzles. (R. 58, PageID# 1331-1332, ¶¶1, 3). Plaintiff has developed and owns a number of patents, including U.S. Patent No. 8,662,421 (the '421 patent), attached to the Amended Complaint as Exhibit A (R. 58-1), and U.S. Patent No. 7,014.131 (the '131 patent), attached as Exhibit C. (R. 58-3).[3] It is alleged Defendant manufactures "direct knock-offs" of these devices in China and then imports and sells the infringing nozzle devices in the United States. (R. 58, PageID# 1332-1335, ¶¶4, 19-21). Plaintiff specially asserts that Defendant has sold the allegedly infringing products to "General Motors

---

[2] In a status report, Defendant asserts that the Proposed First Amended Complaint (R. 58) is not identical to the proposed amended complaint Plaintiff attached to its motion for leave. (R. 97, PageID# 2481). Also referencing the Notice of Correction to First Amended Complaint (R. 59), Defendant asserts that "[c]larity is needed as to which document the Court deems is dlhBOWLES' operative pleading." (R. 97, PageID# 2481). Defendant raised a similar issue in footnotes in both its Answer and Rule 12(c) motion. (R. 60, PageID# 1399; R. 61, PageID# 1568). Though Plaintiff should have sought leave to file the corrected complaint, the Court deems the Proposed First Amended Complaint (R. 58) the operative complaint (hereafter "Amended Complaint"). Defendant has not identified any significant discrepancies between the documents, Plaintiff highlights only a minor change, and there is no contention that Defendant is prejudiced by the changes.
[3] The Amended Complaint also attaches two respective claim charts for each patent. (R. 58-2, Exh. B and R. 58-4, Exh. D).

2

Company and/or its subsidiaries, affiliates, partners, joint-ventures, owners, including SAIC General Motors Corporation Limited with specific intent" to infringe upon the '421 and '131 patents by reselling the infringing products. (R. 58, PageID# 1337-1338, ¶¶31, 42).

### III. Applicable Standard

**A. Fed. R. Civ. P. 12(c)**

In the Sixth Circuit, a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the " same standard as applies to a review of a motion to dismiss under Rule 12(b)(6)." *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 465-66 (6th Cir. 2017); *accord K&L Trailer Leasing, Inc. v. Fellhoelter*, 630 B.R. 81, 83 (Bankr. E.D. Tenn. 2021) ("Courts apply the same standard for Fed. R. Civ. P. 12(c) motions as for Rule 12(b)(6) motions"). As explained by the Court of Appeals:

> A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6). *See D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). A court evaluating that type of motion thus must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). Courts must accept as true all well-pleaded factual allegations, but they need not accept legal conclusions. *Iqbal*, 556 U.S. at 678. And the well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id.* at 679. Pleaded facts will do so if they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Pleaded facts will not do so if they "are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557).

*Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). Federal courts must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and draw all reasonable inferences in [the plaintiff's] favor." *Watkins v. Healy*, 986 F.3d 648, 660 (6th Cir. 2021) (citations omitted).

3

**B. Infringement Context**

"Patentees need not prove their case at the pleading stage." *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1346 (Fed. Cir. 2021). Explaining further, the Federal Circuit Court of Appeals stated:

> A plaintiff is not required to plead infringement on an element-by-element basis. [*Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)]. ("[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met."); *see Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding that a plaintiff need not plead every element, but must only give the alleged infringer fair notice of infringement). Instead, it is enough "that a complaint place the alleged infringer 'on notice of what activity ... is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). To the extent this district court and others have adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*. *See Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotation marks and citation omitted).

*Bot M8 LLC*, 4 F.4th at 1352 (expressly rejecting the district court's assertion that counsel must "explain in [the] complaint every element of every claim that you say is infringed and/or explain why it can't be done."). "It is not enough [for the Defendant] to show that an ordinary observer would likely find the accused parts materially dissimilar from the patented designs. Rather, at the pleading stage, it is Defendants' burden to show that the converse is not even plausible." *Gold Crest, LLC v. Project Light, LLC*, 525 F. Supp. 3d 826, 839 (N.D. Ohio 2021) (observing that while the plaintiff "must ultimately prove its case separately against each of the Corporate Defendants, collecting the three under a defined term then claiming all three are liable for the same misconduct is, at the pleading stage, sufficient to give each of them notice of the claims alleged against them.")

4

### III. Analysis

The Amended Complaint (R. 58) raises two counts: (1) a claim of infringement on its '421 patent; and (2) a claim of infringement on its '131 patent. (R. 58). Both counts allege that Defendant directly infringed, induced infringement, and contributed to infringement of the respective patents. *Id*. Defendant offers essentially five arguments in favor of its motion for judgment.

**A. Plaintiff's Response to the Counterclaim**

Defendant points out that it served its counterclaim on March 31, 2021, wherein it sought declaratory judgment action on the "invalidity and noninfringement" of the '421 Patent. (R. 10, PageID# 65). Plaintiff moved to dismiss Defendant's counterclaim (R. 15), which the Court granted in part and denied in part. (R. 55). Less than a month after the Court's order, Plaintiff filed its answer to the counterclaim. (R. 67).

Defendant argues that because the Court's Initial Standing Order required a party to file an answer even if a party moves for a Rule 12 dismissal, "the factual allegations supporting [Defendant] Riying's invalidity counterclaim are admitted, by operation of law." (R. 61, PageID# 1569, citing Fed. Civ. Rule 8(b)(6) (allegation "is admitted if a responsive pleading is required and the allegation is not denied"). Defendant asserts Plaintiff's deadline for answering the counterclaim expired on April 28, 2021, before it filed the answer. *Id*.

The argument is unpersuasive, as explained when the Court denied a related defense motion. Previously, Defendant had filed a "Motion to strike Plaintiff's Tardy, Out-of-Rule Answer to Counterclaim" ("Motion to strike"). (R. 68). In an earlier Order, this Court denied the motion to strike the answer to the counterclaim and rejected the above argument as follows:

> Defendant's Motion to strike attempts to circumvent litigation in this case, and is

tantamount to a motion for default judgment by having Plaintiff's Answer to the Counterclaim stricken and the allegations in the Counterclaim deemed admitted. The Counterclaim seeks to have the patent under which Plaintiff initiated the lawsuit declared invalid. Defendant moves for such outcome, despite Plaintiff's active litigation of this case.[fn2]

[Footnote 2] Defendant denies it is seeking default judgment (R. 87, PageID# 2288), but it is in effect doing so. Defendant's pretext for resolving this case other than on the merits is Plaintiff's purported failure to comply with the Initial Order issued by the District Judge previously assigned to this matter, which states: "The filing of a motion to dismiss will not excuse the timely filing of an answer." (R. 4, PageID# 38). Neither the Minutes to a June 24, 2021 Case Management Conference (CMC) held by the same District Judge, nor the ensuing CMC plan (R. 20) noted any deficiency on Plaintiff's part due to its failure to file an Answer to the counterclaim on an earlier date.

"The Sixth Circuit has called default judgment a 'harsh sanction' and stressed that '[t]rials on the merits are favored in federal courts.'" *Allen Lund Company, LLC v. Captain Freight, LLC*, 2019 WL 2003872, at *2 (S.D. Ohio, May 7, 2019) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983); *accord Orrand v. Erectors*, 1998 WL 45486, at *1 (6th Cir. Jan. 27, 1998).

(R. 108, PageID# 2572).

Consistent with its earlier Order, the Court declines to short-circuit the active litigation in this case on a technical violation of the Standing Order. For the same reasons the Court declined to strike the Answer, it also finds Rule 12 dismissal on the same basis to be improper.

**B. Infringement Within the United States**

In its second argument in favor of dismissal, Defendant asserts that Plaintiff has failed to plead any facts that could support a finding of infringing activity within the United States. (R. 61, PageID# 1577-1578). Defendant points out that it is a Chinese business with its principal place of business in China, and that it manufactures its products in China, pointing out that Plaintiff has not alleged that "[Defendant] has any office or facility in the United States; and the Summons that [Plaintiff] Bowles prepared and issued in this case identifies Changzhou, Jiangsu,

6

China as the location of Riying's business… There are no factual allegations as to *how* or *when* [Defendant] Riying supposedly imported the subject devices into the United States; and Riying expressly denies that it has done so, and further expressly denies that it has engaged in any other conduct within the United States that § 271(a) proscribes." (R. 61, PageID# 1577) (emphasis added).

Defendant's focus on its alleged lack of any office or facility in the United States is misplaced. The Amended Complaint alleges that Defendant "does business in the U.S. and imports and sells products, including the infringing spray nozzle device…." (R. 58, PageID# 1332, ¶9). It is further alleged that Defendant has "offered to sell and, upon information and belief, has actually sold and shipped products infringing the '421 patent and '131 patent in Ohio; it has caused tortious harm to dlhBOWLES in Ohio resulting from its infringing activities; and, upon information and belief, it has regularly solicited business in Ohio, engaged in a persistent course of conducting business in Ohio, and derived substantial revenue from goods sold in Ohio." *Id*. at ¶ 11. Further, Plaintiff has alleged that Defendant has introduced its allegedly infringing products into the United States. That the Amended Complaint does not describe in detail exactly *how* or *when* the subject devices entered into the United States is not cause for a Rule 12 dismissal. Nor do Defendant's express denials of conducting business in the United States furnish any basis for dismissal.

Complaints are filed prior to discovery. Infringing activity is not necessarily performed in the most transparent manner. While this is not a fraud case, even the heightened pleading standards of Fed. R. Civ. P. 9(b) do not require plaintiffs to be able to expound upon the exact contours of the wrong allegedly perpetrated against them without the benefit of discovery. The Sixth Circuit has stated:

7

"It is a principle of basic fairness that a plaintiff should have an opportunity to flesh out her claim through evidence unturned in discovery. Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988). "Especially in a case in which there has been no discovery, courts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control." *Id.*

*Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012); *accord In re Nat'l Prescription Opiate Litig.*, No. 1:18-OP-45090, 2018 WL 4895856, at *19 (N.D. Ohio Oct. 5, 2018) ("A recent decision from this district supports that notion and cautions that Rule 9's pleading requirement of particularity must be read in harmony with Rule 8's policy of simplicity in pleading[.] [and] ... courts should not be too exacting or demand clairvoyance from pleaders in determining whether the requirements of Rule 9(b) have been met."), *report and recommendation adopted in part, rejected in part*, 2018 WL 6628898 (N.D. Ohio Dec. 19, 2018) (internal quotation marks omitted).

The Court finds the Amended Complaint sets forth sufficient factual allegations that, if accepted as true, could show that Defendant "makes, uses, offers to sell, or sells any patented invention, within the United States *or imports into the United States* any patented invention during the term of the patent" in violation of 35 U.S.C. § 271(a) (emphasis added).

**C. Infringement During the Terms of the Patent**

Defendant makes the bare-boned argument that the Amended Complaint must be dismissed for failing to allege that the infringing conduct took place during the terms of the patents in question. (R. 61, PageID# 1578). The entirety of Defendant's argument is contained within the following paragraph without any citation to any authority:

> There is absolutely no allegation anywhere in Bowles' pleading that any of Riying's allegedly infringing conduct took place "during the term of the patent" –

> another essential element that a plaintiff must plead (and, ultimately prove) to sustain § 271 patent infringement claims. Bowles does not allege when Riying manufactured the subject devices, when it supposedly sold or offered them for sale within the United States, when it supposedly imported them into the United States, or when Riying supposedly engaged in conduct actively inducing or contributing to direct infringement by adequately identified third parties. Consequently, Bowles has failed to state actionable infringement claims and Riying is entitled to (and asks the Court to enter) judgment Riying's favor on them.

(R. 61, PageID# 1578).

The Amended Complaint alleges that the '421 patent issued on March 4, 2014 and that the '131 patent issued on March 21, 2006. (R. #58, PageID# 1334-1335, ¶¶ 17-18). The grant of a patent "shall be for a term beginning on the date on which the patent issues and ending 20 years from the date on which the application for the patent was filed in the United States …." 35 U.S.C. § 154(a)(2). At the time the Amended Complaint was filed on January 5, 2022, it was alleged that Defendant "is making, importing, using, selling, and/or offering to sell nozzle products in the United States" that are covered by the patents. Therefore, Defendant's argument is not well-taken.

### D. Plausible Claim of Infringement

Defendant argues that to state an actionable infringement claim, either direct or indirect, a plaintiff must allege sufficient facts demonstrating that the accused product contains "elements identical or equivalent to each claimed element of the patented invention." (R. 61, PageID# 1578-1579, citing *Stuart v. Rust-Oleum Corp.*, 272 F. Supp. 3d 1019, 1024 (S.D. Ohio 2017) quoting *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 40 (1997)).

As stated above, to withstand a motion to dismiss, a patent owner such as Plaintiff must assert factual allegations, if accepted as true, that state a plausible claim that the accused product infringes the patent claim. A plaintiff is *not* required to plead infringement on an element-by-

9

element basis. *Bot M8 LLC*, 4 F.4th at 1353; *Disc Disease Sols. Inc.*, 888 F.3d at 1260 (finding a complaint—that specifically identified the three accused products by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products met "each and every element of at least one claim of the '113 [or '509] Patent" were "enough to provide … fair notice of infringement of the asserted patents").

Defendant's arguments—that the charts and images attached to the Amended Complaint fail to show infringing features (R. 61, PageID# 1581-1582)—cannot be considered in an attack on the sufficiency of the pleadings. Essentially, Defendants ask the Court to decide the very crux of the dispute based on its own interpretation of the submitted charts and images. Such an action by the Court would be tantamount to resolving a factual dispute that is appropriate for the ultimate finder of fact, but wholly inappropriate when considering a motion to dismiss. The Amended Complaint sufficiently puts Defendant on fair notice and sets forth plausible claims of infringement.

**E. Claims for Indirect Infringement**

Defendant also argues that indirect infringement claims require a plaintiff to plausibly allege that a defendant's actions led to direct infringement by a third party. (R. 61, PageID# 1583, *citing Gold Crest, LLC v. Project Light, LLC*, 525 F. Supp. 3d 826, 841 (N.D. Ohio 2021)). Courts have explained that:

> Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that "material or apparatus" is material to practicing the invention, has no substantial non-infringing uses, and is known by the party "to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c); *see also Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses. *See Cross Med. Prods.,*

424 F.3d at 1312 (quoting *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004)).

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

The Amended Complaint alleges that "the sole intended use of the Accused Products are an infringing use, [and] the Accused Products have no substantial non-infringing uses." (R. 58, PageID# 1336, 1338; ¶¶29, 40). It is alleged that both patents cover fluidic sprayers/nozzles that are used primarily in automobiles to apply wash liquid to windshields. (R. 58, PageID# 1332, ¶¶5-6). Thus, in laymen's terms, it is sufficiently alleged that the patents cover products that are designed to be a component in another large product, primarily automobiles. As stated above, the Amended Complaint expressly asserts that Defendant has sold the allegedly infringing products to "General Motors Company and/or its subsidiaries, affiliates, partners, joint-ventures, owners, including SAIC General Motors Corporation Limited with specific intent" to infringe upon the '421 and '131 patents by reselling the infringing products. (R. 58, PageID# 1337-1338, ¶¶31, 42). Clearly implicit in these allegations are that Defendant sold the accused products to GM and/or its affiliates for use in its vehicles, an infringing use. No other potential non-infringing use has been identified. It is further alleged that Defendant knew both GM and its affiliates used the accused products in a manner that infringed Plaintiff's patents. (R. 58, PageID# 1336, 1338l ¶¶30, 41).

Because it is sufficiently alleged that the sole intended use of the accused products are an infringing use, the Amended Complaint sufficiently states claims for indirect infringement.

**F. Demand for Monetary Damages**

Finally, Defendant argues that Plaintiff's demand for monetary damages is deficiently

11

pleaded and legally unsustainable. (R. 61, PageID# 1585-1586). The crux of Defendant's argument is its assertion that Plaintiff "nowhere alleges that it marked its devices in a manner that alerted the public that they are protected by the patents-in-suit, or when it supposedly gave notice of the alleged infringement to Riying, or what exactly its supposed notice (if any) said as to each patent-in-suit…." *Id*. at PageID# 1586.

Defendant argues that 35 U.S.C. § 287(a) (the "marking statute") provides patentees, "may give notice to the public … by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent, or by fixing thereon the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet …." The statute continues that "[i]n the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, *except on proof that the infringer was notified* of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." *Id*. (emphasis added).

Plaintiff points out that "Section 287 is thus a limitation on damages, and not an affirmative defense" and that "[c]ompliance with § 287 is a question of fact." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citations omitted).

In any event, the Amended Complaint alleged that:

> Riying has knowledge of the '421 patent and '131 patent because both patents and all other patents owned by dlhBOWLES are listed on its virtual patent marking website at dlhbowles.com/patent in accordance with federal law under 35 U.S.C. § 287(a). ***Additionally, dlhBOWLES informed Riying of its ownership of the '421 patent and '131 patent when it became aware of the infringing actions by Riying.*** Therefore, Riying has actual knowledge of the '421 patent and '131 patent, and Riying is willfully infringing both the '421 patent and '131 patent.

(R. 58, PageID# 1335, ¶22) (emphasis added).

Thus, the Amended Complaint alleges that Plaintiff gave actual notice to Defendant.

Although the date of said notice is not specified, whether Plaintiff can provide proof that Defendant was notified and whether damages are limited before that date are not issues appropriately decided in Rule 12 motions.

## IV. Conclusion

For the foregoing reasons, Defendant's Rule 12(c) Motion for judgment on the pleadings (R. 61) is denied in its entirety as lacking in merit.

IT IS SO ORDERED.

s/ <em>David A. Ruiz</em>
David A. Ruiz
United States District Judge

Date: March 7, 2023